UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE WAYNE ADKINS,

      Plaintiff,

v.                                Case No:   2:15-cv-456-FtM-29CM

DEPARTMENT HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT
AGENCY,

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of Plaintiff's Motion to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915.   Doc. 24.   For the reasons that follow, the Court respectfully recommends that Plaintiff's motion be denied and this action be dismissed.

### I.    Background

    This is *pro se* Plaintiff's third motion to proceed *in forma pauperis* ("IFP"). Docs. 2, 13, 24.   On September 4, 2015, the Court denied without prejudice Plaintiff's first motion and ordered Plaintiff to file an amended complaint and a new motion to proceed *IFP* on or before October 5, 2015.   Doc. 11.   The Court found that Plaintiff

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

appeared to meet the indigency requirements of 28 U.S.C. §1915; however, Plaintiff's complaint was due to be dismissed without prejudice because it contained several deficiencies.   Doc. 11.   In its Order, the Court outlined the deficiencies in detail, provided guidance to Plaintiff how to cure the deficiencies, and directed Plaintiff to resources which may be helpful to him as a *pro se* litigant.   *Id.*

Although the Court directed Plaintiff to file an amended complaint on or before October 5, 2015, Plaintiff failed to do so, instead filing a second motion to proceed *IFP*, a one page document titled "Supporting Documentation for Civil Case in Federal Court," and a fifty-seven page pleading titled "Motion Supporting Case."   Docs. 12, 13, 14.   The Court construed Plaintiff's "Motion Supporting Case" as an amended complaint, and again denied Plaintiff's motion to proceed *IFP* without prejudice due to several of the same deficiencies in his amended complaint.   Doc. 17.   On February 2, 2016, Plaintiff filed his second amended complaint (Doc. 22, "operative complaint") and the instant motion.   Because the operative complaint contains the same deficiencies identified in the Court's prior orders, the Court finds that section 28 U.S.C. § 1915(e)(2) mandates dismissal of this action, and respectfully recommends that this action be dismissed.

## II.   Indigency

An individual may be allowed to proceed IFP if he declares in an affidavit that he "is unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit

satisfy the requirement of poverty."   *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).   A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed IFP; rather "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."   *Id.*

While the Court previously found that Plaintiff appears to meet the indigency requirement, it required Plaintiff to file a new motion, along with supporting documentation and an amended complaint.   Doc. 11 at 2.   In reviewing Plaintiff's second motion to proceed *IFP*, the Court found that the motion did not contain any specific information regarding Plaintiff's income, expenses, assets, or liabilities, nor did it contain a notarized affidavit of indigency.   Doc. 17 at 2.   The Court offered Plaintiff a third opportunity to refile his motion.   *Id.*   Presently, although Plaintiff's unverified motion references an "attached affidavit," it contains no such document or any information regarding Plaintiff's expenses, assets, or liabilities, except for a statement that "The nature of this action is: Unemployed," and Plaintiff "believe[s he is] entitled to redress."   Doc. 24.   Because Plaintiff's motion fails to comply with 28 U.S.C. § 1915(a)(1), it is due to be denied.

### III.   Dismissal

Even assuming Plaintiff meets the financial criteria to proceed *IFP*, Plaintiff's operative complaint is subject to dismissal because it fails to state a claim upon which relief can be granted, and is an impermissible shotgun pleading.   Additionally,

despite previous Court directives to establish that venue is proper in this Court, Plaintiff has failed to do.

      A.     *28 U.S.C. § 1915(e)(2)*

The Court "shall dismiss the case at any time" if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). With respect to frivolity, a complaint is deemed frivolous if the Court finds that it lacks arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

In conducting its section 1915(e)(2) analysis, the Court notes that the operative complaint suffers from pleading inadequacies as would be relevant under a 12(b)(6) motion to dismiss.   Rule 8(a) requires that a pleading set forth a claim of relief and contain a short and plain statement in which the pleader is entitled to relief.   Fed. R. Civ. P. 8(a); *Ashcroft*, 556 U.S. at 677-78.   This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests.   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   Further, a party must state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).   If doing so would promote clarity, a party must state each claim founded upon a separate transaction or occurrence in a separate count or defense.   *Id.*   Failure to comply with these rules may result in a shotgun pleading.   "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"   *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128–29 (11th Cir.2001).   "Shotgun pleadings" are typically "disjointed, repetitive, disorganized and barely comprehensible."   *Id.* at 276.   Moreover, they can be "confusing, incoherent, and clogged with seemingly irrelevant factual allegations."   *Id.* at 277.

Plaintiff's operative complaint (Doc. 22) is such a "shotgun pleading" because it is disjointed, incoherent, and barely comprehensible.   As written, Plaintiff's

complaint does not state with sufficient clarity claims that would permit meaningful review by the Court or allow the defendant to frame a responsive pleading.

The operative complaint sets forth a list of statutes, agency rules and directives, and generally appears to assert a claim for race discrimination under Title VII of the Civil Rights Act.   Doc. 22 at 3-4.   Despite the directive provided on the form used by Plaintiff in filing his operative complaint, Plaintiff failed to "[d]escribe specifically the wrongful conduct, action, or failure to act. . ."   *Id.* at 3.   Although his complaint does list "facts," it is unclear what facts relate to or support which claim. *Id.*   Although the Court twice warned Plaintiff that his complaint was a "shotgun pleading," his attempts to correct the deficiency have, unfortunately, worsened the problem.   For instance, after each of the Court's Orders warning of this deficiency, Plaintiff filed nearly identical complaints with several attachments, including thirteen-page, single-spaced "Motion[s] Supporting Case"; polygraph examinations; witness affidavits; and electronic correspondence, among other documents.   *See e.g.*, Docs. 18; 20; 22.

To make out a *prima facie* case of racial discrimination, Plaintiff must show (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he was subjected to adverse employment action; and (4) his employer treated similarly situated employees outside his class more favorably.   *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).   In his limited set of "facts," Plaintiff alleges that the Agency Supervisor told Plaintiff that "the agency has been discriminating against blacks for long time, and it is his turn to get back at white."   Doc. 22 at 2.   Plaintiff also alleges

that he was humiliated.   *Id.*   Plaintiff, however, fails to plead the requisite elements.   Plaintiff also appears to attempt to assert a host of claims which are devoid of legal or factual support.   For example, Plaintiff states, "Not Being Completely Truthful Perjury 18. U.S.C. 1261."   Doc. 22 at 2.   That section of the criminal code states that the Attorney General shall enforce the provisions of Chapter 59, which relates to liquor traffic, and has the authority to issue regulations to carry out its provisions.   *See* 18 U.S.C. § 1261(a)(1)-(2).   Plaintiff also cites "Violation of Mandate 110"; "Management Directive (MD 110) Chapter 5 II (A,1)"; and the "Federal Protective Service Code Conduct."   Doc. 22 at 4.   Plaintiff's complaint is largely incoherent with respect to his attempts to assert claims under any of these legal theories.   Moreover, Plaintiff also seeks remedies that the Court simply cannot grant, such as requesting that the Court:

> prove the agency knowingly allowed Mr Kewin Smith to discriminate and committed perjury under oath and in the investigation.   To prove Smith did intimidate other subordinate (Trainees) employees to provide in-correct [sic] statements and testimony, thru loss of employment, if they did not so state.   To prove Russell Dingman willfully failed doing anything, investigating or interviewing anyone, about accusations made against employee.   Committed perjury under oath, in a Federal Court.

Doc. 22 at 5.

The Eleventh Circuit has held that "[s]ection 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed.R.Civ.P. 15."   *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir.2002).   The Court noted these deficiencies in its previous Orders and offered Plaintiff two opportunities to amend his complaint and cure these deficiencies.

Docs. 11, 17.   Because he has failed to do so, dismissal with prejudice is appropriate. See *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 819 (11th Cir. 2015), cert. dismissed sub nom. *LaCroix v. U.S. Dist. Court for W. Dist. of Kentucky*, 136 S. Ct. 996 (2016).

> ### B.    28 U.S.C. § 1391(b)

Even if Plaintiff's operative complaint did state a claim on which relief may be granted, his operative complaint would still be subject to dismissal without prejudice for failure to establish that this Court is the proper venue.   Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in any one of the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought … any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff has not established that this Court is the proper venue for this action. *See* 28 U.S.C. § 1391(b).   Here, Plaintiff's operative complaint states that he is a citizen of Lee County, Florida.   Doc. 22 at 3.   With respect to Defendant Jeh Johnson, the Complaint states "Jeh Johnson (Secretary, Department of Homeland Security, Immigration and Customs Enforcement Agency) lives at, or its business is located at Secretary of Homeland Security, Washington Dc 20528."   *Id.* at 2.   The complaint states the events giving rise to this claim took place at the Federal Law

Enforcement Training Center ("FLETC") in Glynco, Georgia.   *Id.*   A district court may dismiss a suit *sua sponte* for lack of venue, after first giving the parties an opportunity to present their views on the issue.   *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir.1988) (citation omitted).   Here, the Court twice warned Plaintiff that he failed to establish that this Court is the proper venue. The Court twice gave Plaintiff an opportunity to amend his complaint and cure the defect.   Because Plaintiff has failed to establish that this Court is the proper venue to bring the action he is attempting to bring, dismissal also would appropriate under this basis.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Plaintiff's Motion to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915 (Doc. 24) be **DENIED** and this action be **DISMISSED with prejudice.**

**DONE** and **ENTERED** in Fort Myers, Florida on this 28th day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
The Honorable John E. Steele
Counsel of record