UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE WAYNE ADKINS,

   Plaintiff,

v.             Case No: 2:15-cv-456-FtM-29CM

DEPARTMENT HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT
AGENCY,

   Defendant.

**OPINION AND ORDER**

   This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #27), filed November 28, 2016, recommending that Plaintiff's Motion to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915 be denied and the action dismissed with prejudice. No objections have been filed and the time to do so has expired.

**I.**

   After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement

that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

**A. Indigency**

The Magistrate Judge found that plaintiff had once again failed to provide information to support his Motion to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915.  (Doc. #27.)  Specifically, the Magistrate Judge found that "although Plaintiff's unverified motion references an 'attached affidavit,' it contains no such document or any information regarding Plaintiff's expenses, assets, or liabilities, except for a statement that 'The nature of the action is: Unemployed,' and Plaintiff 'believe[s he is] entitled to redress.'" (Id. at 3) (alteration in original).

On July 29, 2015, along with the initial filing of the underlying Complaint, plaintiff filed a Motion to Proceed *In Forma Pauperis* (Doc. #2) and an Application to Proceed in District

Court Without Prepaying Fees or Costs (Doc. #3). On September 4, 2015, the Magistrate Judge entered an Order on plaintiff's July 29th Motion to Proceed *In Forma Pauperis*, finding that plaintiff "appears to qualify to proceed without the prepayment of costs in this matter." (Doc. #11, p. 2.) Specifically, the Magistrate Judge pointed out that:

> Plaintiff states that he is unemployed and receives $1,500.00 monthly in VA disability. Plaintiff also states that he supports two dependent children. As assets and liabilities, Plaintiff states that he owns three cars, worth a combined $4,000.00. Plaintiff reports rent, child support and other obligations totaling $1,735.00. Thus, Plaintiff appears to meet the indigency requirements of 28 U.S.C. § 1915.

(Id.) (internal citations omitted). The Magistrate Judge, however, denied plaintiff's September 4, 2015 motion due to the insufficiency of the complaint. (See Doc. #11.)

The Court finds that while plaintiff did not provide the "additional documents" specifying his expenses, assets, or liabilities in conjunction with his March 29, 2016 Motion to Proceed *In Forma Pauperis*, plaintiff had previously filed these documents with the Court on July 29, 2015. The Court finds it too severe a sanction to deny a finding of indigency solely because plaintiff did not re-file supporting documents when he had previously filed them with the Court. Accordingly, the Court rejects the portion of the Report and Recommendation regarding indigency and finds that plaintiff adequately established his

indigency when examining his motion (Doc. #24) in conjunction with his previously filed supporting documents (Doc. #3).

**B. Venue**

The Magistrate Judge also found that the operative pleading failed to establish that venue was proper in this Court. (Id. at 8-9.) The Magistrate Judge cited to 28 U.S.C. § 1391(b) as the applicable venue provision. (Id.)

The Court accepts the Magistrate Judge's finding that venue is improper in this Court. The Court notes, however, that because plaintiff is asserting a claim under Title VII, the applicable venue provision is 42 U.S.C. § 2000e-5(f)(3).[1] Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (citation omitted) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases."). Section 2000e-5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have

---

[1] Were this case a non-Title VII case, the applicable venue provision would be 28 U.S.C. § 1391(e) because the Department of Homeland Security, Immigration, and Customs Enforcement Agency is an agency of the United States.

- 4 -

>       been committed, in the judicial district in which the
>       employment records relevant to such practice are
>       maintained and administered, or in the judicial
>       district in which the aggrieved person would have
>       worked but for the alleged unlawful employment
>       practice, but if the respondent is not found within any
>       such district, such an action may be brought within the
>       judicial district in which the respondent has his
>       principal office. For purposes of sections 1404 and
>       1406 of Title 28, the judicial district in which the
>       respondent has his principal office shall in all cases
>       be considered a district in which the action might have
>       been brought.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff's Second Amended Complaint fails to allege that the unlawful employment practices occurred in the Middle District of Florida, that plaintiff's employment records are located in the Middle District of Florida, or that plaintiff would have worked in the Middle District of Florida but for the alleged unlawful employment practices. (See Doc. #22.) Accordingly, plaintiff's Second Amended Complaint fails to allege that venue is proper in the Middle District of Florida.

When venue is improper, a court shall "dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's Second Amended Complaint alleges that the events giving rise to his claims took place at FLETC in Glynco, Georgia. (Doc. #22, p. 3.) Because Glynco, Georgia is where the alleged unlawful employment practices occurred, the Southern

- 5 -

District of Georgia is a district wherein the case could have been brought. Were the Court to dismiss this action, it is likely that plaintiff would be barred from re-filing due to statute of limitations restrictions. (See Doc. #14-1, p. 3; Doc. #21-1, p. 2.) Accordingly, in the interest of justice, the Court transfers this matter to the Southern District of Georgia.

### C. Sufficiency of Complaint

The Magistrate Judge found that plaintiff's Second Amended Complaint, like his previous pleadings, is a shotgun pleading and fails to state a claim upon which relief can be granted. (Doc. #27, pp. 3-8.) The Magistrate Judge found that while plaintiff appears to assert a claim for racial discrimination under Title VII of the Civil Rights Act, he fails to plead the elements of such a claim or present facts to support various other claims mentioned within his Second Amended Complaint. (Id.) The Magistrate Judge recommended dismissal *with* prejudice because the "Court noted these deficiencies in its previous Orders and offered Plaintiff two opportunities to amend his complaint and cure these deficiencies." (Id. at 7-8.)

In light of the transfer of venue, the Court declines the Magistrate Judge's Report and Recommendation regarding the sufficiency of the complaint. The issue may, of course, be revisited by the transferee district.

**D.**

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts in part, rejects in part, and defers ruling in part the Magistrate Judge's findings.  The Court rejects the Magistrate Judge's finding that plaintiff had failed to establish his indigency pursuant to U.S.C. § 1915(a)(1).  The Court accepts and modifies, as set forth herein, the Magistrate Judge's finding that venue is improper in the Middle District of Florida and orders that this matter be transferred to the Southern District of Georgia, and defers ruling on the sufficiency of the complaint to the transferee district.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #27) is hereby **adopted in part, rejected in part, and deferred in part.**

2.  Plaintiff's Motion to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915 (Doc. #24) is **granted in part and deferred in part**.  The Court finds that plaintiff has established his indigency and defers ruling on the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

3.  The Clerk shall immediately transfer this case to the Southern District of Georgia for all further proceedings.  The

Clerk is directed to terminate all deadlines and motions in the Fort Myers case and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __29th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
United States Magistrate Judge

Counsel of Record
Unrepresented parties